UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRIFFITH and
DETRICK CURTIS CONERLY,

                Plaintiffs,                No. 19-12030

v.                                   District Judge David M. Lawson
                                   Magistrate Judge R. Steven Whalen

PARAN, LLP,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiffs Michael Griffith and Detrick Curtis Conerly have commenced this miscellaneous action *pro se* by filing a submission entitled "Registration of Confession of Judgment in Accordance to 28 U.S.C. § 1963." (ECF No. 1.) They seek to register a foreign judgment purportedly issued by the Court of Common Pleas of Westmoreland County, Pennsylvania. The case has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons stated, I recommend that the case be dismissed for lack of jurisdiction.

## I. Discussion

      Registration of judgments in district courts is governed by 28 U.S.C. § 1963. Section 1963 provides, in pertinent part:

A judgment in an action for the recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final ... or when entered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.

The Sixth Circuit has held that the plain language of § 1963 is "unambiguous" and "[n]othing in the language … grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade." *Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994). Other district courts considering this issue have relied on the Sixth Circuit's reasoning to conclude that federal courts are without authority to register state-court judgments. *See Marbury Law Group, PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010) (dismissing for lack of subject-matter jurisdiction complaint because § 1963 does not allow a federal district court to register a state court judgment); *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp.2d 705, 708 (E.D. Ky. May 4, 2006) (same). *See also Mobil Cerro Negro, Limited v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 122 (2d Cir. 2017) (Under § 1963, "federal district courts have been empowered summarily to *register* the judgments of *other federal district courts* to permit enforcement in the registering district.") (emphasis in original); *Dearborn Street Building Assoc., LLC v. D*

*& T Land Holdings, et al.*, No. 1:07-cv-1056, 2008 WL 2397660, *3 (W.D. Mich. June 9, 2008) ("Section 1963 does not authorize the registration of state court judgments.");  *W.S. Frey, Co., Inc. v. Precipitation Associates of America, Inc., et al.,* 899 F. Supp. 1527, 1528 (W.D. Va. 1995) ("[T]he only judgments that can be registered under [§ 1963] are judgments from other courts of the United States.").

Plaintiffs rely on *GE Betz, Inc. v. Zee Co., Inc*, 718 F.3d 615 (7th Cir. 2013) to argue that they may register a state court judgment in federal district court under § 1963. In *GE Betz,* the Seventh Circuit Court of Appeals held that § 1963 allows for the filing of a state court judgment in federal district court.  *See id.* at 624-25.  However, it is Sixth Circuit precedent in *Fox Painting Co.*, not Seventh Circuit caselaw, that controls.

## II.  Conclusion

For the reasons stated, I recommend that the case be dismissed for lack of jurisdiction because a state court judgment may not be registered in a federal district court under 28 U.S.C. § 1963.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with

3

specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc., and any objection must recite precisely the provision of this Report and Recommendation to which it pertains.

Dated: November 4, 2019                         s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE


                        **CERTIFICATE OF SERVICE**

I hereby certify on November 4, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants November 4, 2019.

                                                s/Carolyn M. Ciesla
                                                Case Manager for the
                                                Honorable R. Steven Whalen

-4-