UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRIFFITH and DETRICK
CURTIS CONERLY,

                Plaintiffs,                    Case Number 19-12030

v.                                       Honorable David M. Lawson

                                       Magistrate Judge R. Steven Whalen

PARAN, LLP,

                Defendant.

_____/

## ORDER ADOPTING REPORT & RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTIONS, AND DISMISSING CASE

On July 9, 2019, plaintiffs Michael Griffith and Detrick Curtis Conerly, proceeding *pro se*, initiated this miscellaneous proceeding by filing a document captioned as a "Registration of Confession of Judgment in Accordance to 28 U.S.C. § 1963." They seek to have this Court register, via section 28 U.S.C. § 1963, a foreign judgment purportedly issued by the Court of Common Pleas of Westmoreland County, Pennsylvania.

The matter was referred to the assigned magistrate judge. On November 4, 2019, the magistrate judge issued a report recommending that the Court dismiss the case for want of subject matter jurisdiction, based on controlling circuit law holding that 28 U.S.C. § 1963 does not authorize a federal district court to register a judgment issued by a state court. As the magistrate judge noted, the Sixth Circuit has held that the plain language of § 1963 is "unambiguous" and "[n]othing in the language . . . grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade." *Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994). The plaintiffs filed objections to the report and recommendation, and the matter now is before the Court for a fresh review.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

"Federal courts are courts of limited jurisdiction" and only have "the authority to decide cases that the Constitution and Congress have empowered them to resolve."  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Federal district courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and certain cases in which the citizenship of the parties is diverse, 28 U.S.C. § 1332.  However, a claim falls within this Court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial

question of federal law." *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Watson v. Cartee*, 817 F.3d 299, 302-03 (6th Cir. 2016) (quoting Fed. R. Civ. P. 12(h)(3)).

"The authority of a federal district court to register judgments of other courts is found in 28 U.S.C. § 1963," which provides that "'judgment in an action for the recovery of money or property entered in any district court or in the Court of International Trade may be registered by filing a certified copy of such judgment in any other district . . . when the judgment has become final . . . [and] [a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.'" *Fox Painting Co. v. NLRB*, 16 F.3d 115, 117 (6th Cir. 1994) (quoting 28 U.S.C. § 1963). However, "[n]othing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade. The language is unambiguous [, and, therefore a federal] District Court lack[s] jurisdiction to register a judgment of" any state or other foreign court. *Ibid.*

The only pertinent authority cited by the plaintiffs in support of their position that registration of their judgment by this Court is proper is *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615 (7th Cir. 2013). In that case, the Seventh Circuit "conclude[d] that § 1963 does not prohibit the removal of all matters related to the registration of state-court judgments." *Id.* at 625. Contrary to the plaintiffs' position, the *Betz* court did not hold that section 1963 authorizes registration of state court judgments in federal courts. Instead, it held only that a state court case involving the enforcement of a state court judgment could be removed to federal court where the requisites for federal subject matter jurisdiction otherwise were satisfied. As the *Betz* court explained:

> In order to be enforceable by a federal court, a state-court judgment enforcement proceeding must still meet the other requirements for federal jurisdiction, including the amount in controversy and the diversity requirements under 28 U.S.C. §§ 1332 and 1441(b) as well as the independent proceeding requirement under 28 U.S.C. § 1441(a). We believe that the § 1441(a) independent proceeding requirement particularly limits the number of state-court judgments that a federal court may enforce, as most state-court judgment enforcement proceedings are more properly characterized as ancillary or supplementary suits. As a result, we expect that the instant matter is not the norm, but rather one of the rare judgment-enforcement proceedings that is sufficiently independent from the underlying state-court proceedings to give the federal court jurisdiction under § 1441(a).

718 F.3d at 625. The holding of *Betz* is inapposite because this is not a removal case, and in any event no state court action originating in Pennsylvania properly could be removed to a federal district court in Michigan. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed* by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*.") (emphasis added). The plaintiffs also have not pointed to any facts suggesting that the other requirements for the removal of an enforcement proceeding have been met, such as establishing an independent basis for subject matter jurisdiction on the basis of either diversity or a substantial federal question. *Betz* supplies no authority for this Court to entertain a judgment registration action of this sort, and the controlling circuit law holds that such an action is prohibited by the plain language of section 1963.

The plaintiffs also point to the matter of *Mattlar, Inc. v. JP Morgan Chase Bank*, No. 13-51344 (E.D Mich.), in which they contend that the plaintiff was allowed to register a state court judgment via section 1963. That matter was assigned to the undersigned. However, the Court issued no rulings in that case, and no relief was granted. The mere fact that a similarly inappropriate judgment registration proceeding was initiated, where the plaintiff never secured any relief or recovery, does not support the plaintiffs' position here.

The magistrate judge correctly concluded that this Court has no jurisdiction to entertain this miscellaneous registration proceeding, and the plaintiffs have not pointed to any legal authority holding otherwise.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 9) is **ADOPTED**, and the plaintiffs' objections (ECF No. 11, 13) are **OVERRULED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the plaintiffs' motions for hearing (ECF No. 2, 12) are **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: January 16, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 16, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI